**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 07-CR-33-LRR |
| vs. | **SEALED ORDER** |
| MARTIN LARRY WILSON, | |
| Defendant. | |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Martin Larry Wilson's Objections (docket no. 113) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 111).

## *II. PROCEDURAL HISTORY*

On March 13, 2012, the United States Probation Office filed the First Supplemented and Substituted Petition for Warrant or Summons for Offender Under Supervision ("Petition") (docket no. 98). The Petition alleges that Defendant violated three conditions of his supervised release. First, the Petition alleges that Defendant failed to appear for random urine samples on December 3, 2010, and March 23, 2011. Second, the Petition alleges that Defendant consumed alcohol on December 7, 2011. Finally, the Petition alleges that Defendant committed new law violations. Specifically, on December 26, 2011, Defendant was arrested and charged with Domestic Abuse Assault 3rd or Subsequent Offense in the Iowa District Court for Winnebago County ("Iowa District Court"). While Defendant was in jail for the Domestic Abuse Assault charge, he was charged with violating the Iowa District Court's no contact order. On February 13, 2012, Defendant pled guilty to one count of Violation of No Contact Order in the Iowa District Court. On

March 5, 2012, Defendant was charged with ten more counts of Violation of No Contact Order. On March 12, 2012, Defendant pled guilty to five of those counts.

On March 29, 2012, Judge Scoles held a hearing on the Petition. Special Assistant United States Attorney Dan Chatham represented the government. Defendant appeared in court with his attorney, JoAnne Lilledahl. At the hearing, the government withdrew the allegation that Defendant committed a new law violation by committing Domestic Abuse Assault, a charge that was ultimately dismissed in the Iowa District Court. Defendant admitted, with some explanation, that he had missed two random urine samples, that he had consumed alcohol and that he pled guilty to six counts of Violation of No Contact Order.

On March 30, 2012, Judge Scoles issued the Report and Recommendation, which recommends that the court revoke Defendant's supervised release and that he be sentenced to a six-month term of imprisonment. Judge Scoles further recommends that, following imprisonment, Defendant be placed on supervised release until September 20, 2013, with the added special conditions that Defendant be placed at a residential reentry center and that he have no contact with Colleen Doyle—the alleged victim of the dismissed Domestic Abuse Assault charge and the person Defendant contacted in violation of the no contact order. The Report and Recommendation states that, "within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court." Report and Recommendation at 5. On April 13, 2012, Defendant filed his Objections. The matter is fully submitted and ready for decision.

### III. STANDARD OF REVIEW

"[U]pon an objection to a magistrate judge's proposed findings and recommendations pursuant to [18 U.S.C. §] 3401(i), a district court must undertake de novo review." *United States v. Azure*, 539 F.3d 904, 909 (8th Cir. 2008); *see also* Fed.

2

R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."). "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

## IV. DISCUSSION

Defendant objects to Judge Scoles's findings of fact and to Judge Scoles's recommended disposition. After carefully reviewing the Petition, the Report and Recommendation, the Objections and the transcript of the hearing, the court deems it appropriate to overrule Defendant's objections and to adopt Judge Scoles's recommendation.

### A. *Findings of Fact*

First, "Defendant objects to the wording in the [Report and Recommendation] that he 'reported to the probation officer that [he] had consumed a "sip" of beer that afternoon' and 'that he was celebrating the completion of his divorce.'" Objections at 1 (quoting Report and Recommendation at 2). The court finds it unnecessary to address this objection. Under Special Condition Number 2 of Defendant's supervised release, he is "prohibited from the use of alcohol." Amended Judgment (docket no. 79) at 4. Regardless of why Defendant was consuming alcohol, or how much he consumed, he violated Special Condition Number 2 of his supervised release.

Second, Defendant objects to Judge Scoles's omission of the fact that Doyle, the alleged victim of the Domestic Abuse Assault charge, recanted due to medical problems. Again, the court finds it unnecessary to address this objection. The government withdrew the allegation that Defendant committed a new law violation by committing Domestic Abuse Assault, and, consequently, it is irrelevant why the alleged victim of the Domestic Abuse Assault charge recanted.

3

Finally, Defendant objects "to the conclusion that he admitted to new law violations while being held in the Winnebago jail" because, at the time he pled guilty to the Violation of No Contact Order charges, he did not understand that they were criminal charges. Objections at 2. Furthermore, Defendant asserts that he violated the order prohibiting him from contacting Doyle because "of his deep concern for [Doyle's] well-being." *Id.* Defendant does not dispute that there was a no contact order in place and that, in violation of that order, he contacted Doyle on at least six occasions. Thus, Defendant admits to the criminal conduct underlying his Violation of No Contact Order convictions. Accordingly, the court finds by a preponderance of the evidence that Defendant committed new law violations.

### *B. Recommended Disposition*

Defendant also objects to Judge Scoles's recommendation that the court revoke his supervised release. Defendant notes that revocation is not mandatory under the circumstances, and he argues that a time-served sentence "is a more appropriate sanction in this case" than Judge Scoles's recommended sentence. *Id.* The court disagrees. While Defendant was in jail on a pending Domestic Abuse Assault charge, he contacted the alleged victim of the assault in violation of the Iowa District Court's no contact order. Most notably, after he was charged and convicted of violating the no contact order, he proceeded to again violate the no contact order on at least five separate occasions. The court believes that a six-month sentence, which is toward the bottom of the Guidelines range, is "sufficient, but not greater than necessary," to achieve the goals of sentencing. 18 U.S.C. § 3553(a).

Defendant also objects to Judge Scoles's recommendation that, following Defendant's release from prison, he reside in a residential reentry center. Specifically, Defendant asserts that "he has a residence in which to live." Objections at 2. The court finds that placement in a residential reentry center will assist Defendant as he transitions

4

back into the community following his release from prison. Accordingly, the court shall order that Defendant reside in a residential reentry center for a period of up to 180 days. This is the maximum amount of time Defendant must reside in the center. If Defendant can demonstrate to his probation officer that he has a safe and stable residence before the expiration of the 180 days, he may, with his probation officer's approval, move out of the residential reentry center early.

Finally, Defendant objects to Judge Scoles's recommendation that the court prohibit Defendant from contacting Doyle. Defendant contends that "there is no basis for this [c]ourt to order that he not have contact with [Doyle]." *Id*. The court disagrees. The basis of Defendant's new law violations is his continued contact with Doyle after the Iowa District Court entered a no contact order. Accordingly, the court shall order that Defendant have no contact with Doyle.

## *V. CONCLUSION*

Thus, after conducting a de novo review of the objected-to portions of the Report and Recommendation, the court finds by a preponderance of the evidence that Defendant violated the terms and conditions of his supervised release. Furthermore, the court finds that Judge Scoles's recommended disposition is appropriate. Accordingly, the court **OVERRULES** the Objections (docket no. 113) and **ADOPTS** the Report and Recommendation (docket no. 111).

It is the judgment of the court that Defendant Martin Larry Wilson's supervised release is revoked and he is hereby committed to the custody of the United States Bureau of Prisons for a term of six months. Upon release from imprisonment, supervised release shall be reimposed and shall run until his original discharge date, September 20, 2013. Within seventy-two hours of release from the custody of the Bureau of Prisons, Defendant shall report, in person, to the probation office in the district to which he is released. During this period of supervised release, Defendant shall not commit another federal, state

or local crime; he shall not illegally possess a controlled substance or a firearm, ammunition, destructive device or other dangerous weapon; he shall cooperate with the collection of a DNA sample as directed by his probation officer; and he shall comply with the standard conditions that have been promulgated by the Judicial Conference of the United States. All other terms and special conditions of Defendant's original sentence are reimposed and remain in full force and effect. In addition, the following special conditions are added:

> (1) Defendant must reside in a Residential Reentry Center for a period of up to 180 days. This placement must be in the community corrections component with work release privileges. While a resident of the Residential Reentry Center, Defendant must abide by all rules and regulations of the facility. Defendant must report to the Residential Reentry Center at a time and date to be determined by the Bureau of Prisons, the Residential Reentry Center and the United States Probation Office.
>
> (2) Defendant shall have no contact during his term of imprisonment or term of supervision with Colleen Doyle and her family members, in person or by a third party. This includes no direct or indirect contact by telephone, mail, email or by any other means.

In fashioning a sentence in this matter, the court has taken into consideration all of the factors in 18 U.S.C. § 3553(a).

Defendant is advised of his right to appeal. If Defendant desires to appeal, he must file a written notice with the Clerk of Court within fourteen days of the filing of the judgment. If Defendant is unable to afford an attorney, the court will appoint an attorney to represent him.

The Clerk of Court is **DIRECTED** to send a copy of this order to Defendant, the government and the United States Probation Office. The United States Probation Office

is **DIRECTED** to prepare a revocation judgment in accordance with the Report and Recommendation and this order.

**IT IS SO ORDERED**.

**DATED** this 9th day of May, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA